**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN HOLLINS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT WILKIE, Secretary, Department of Veterans Affairs,<br><br>　　　　　Defendant. | Case No. 19-cv-2201 DMS (JLB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RE-TAX COSTS** |

Pending before the Court is Plaintiff Brian Hollins' Motion to Re-Tax Costs. Defendant Robert Wilkie filed a response in opposition to the motion, and Plaintiff filed a reply. For the reasons set forth below, Defendant's Motion is denied.

## I.
## BACKGROUND

On November 19, 2019, Plaintiff brought a lawsuit against the VA alleging several causes of action arising under the Rehabilitation Act and Title VII of the Civil Rights Act. (ECF No. 1; *see also* ECF No. 8.) Defendant filed a Motion for Summary Judgment on January 23, 2021. (ECF No. 26.) On May 12, 2021, the Court granted Defendant's motion and entered judgment in the case. (ECF Nos. 33–34.)

/ / /

On May 26, 2021, Defendant filed a Bill of Costs and a Memorandum of Costs. (ECF Nos. 35–36.) Plaintiff filed an objection to the Bill of Costs. (ECF No. 39.) Defendant filed a reply. (ECF No. 40.) The Clerk of Court taxed costs on July 13, 2021. (ECF No. 41.) On July 20, 2021, Plaintiff filed his Motion to Re-Tax Costs. (ECF No. 42.) Defendant filed briefing in opposition, and Plaintiff filed a reply. (ECF Nos. 43–44.) The matter is fully briefed and submitted.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir.1999); *see also Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs."). Civil Local Rule 54.1(a) similarly provides: "Unless otherwise ordered by the Court, or stipulated by the parties, the prevailing party is entitled to costs."

"[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). "The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, [the Ninth Circuit] will assume it acted based on that presumption." *Id.* However, the presumption is only overcome "in the rare occasion where severe injustice will result from an award of costs." *Id.* In such cases, "[a] district court must 'specify reasons' for its refusal to award costs." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (*en banc*)

(citing *Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir.1978)).

## III.

## DISCUSSION

In this case, Defendant requested costs totaling $7,720.78. (ECF Nos. 35–36.) The Clerk of Court taxed costs totaling $7,580.78. (ECF No 41.) Plaintiff argues that these costs should be reduced to $2,034.50. (ECF No 42-1 at 2.) Specifically, he challenges three categories of costs: (1) costs arising from Defendant's subpoenas duces tecum, (2) the cost of transcript copies from the depositions of Carmen Concepcion and Shaun Wilkins, and (3) "Realtime" transcription costs from the deposition of Plaintiff Brian Hollins. (*Id.* at 2–7.) The Court will address each challenge in turn.

**First**, Plaintiff argues the $3,657.63 in costs associated with Defendant's document subpoenas to various doctors and medical facilities in this case should be reduced to $135.80. (*Id.* at 3.) Plaintiff further reasons that Defendant's costs in this area are not taxable because Local Civil Rule 54.1(b)(1) provides for the taxing of costs for "subpoenas" rather than "*subpoenas duces tecum*." The Court is not persuaded. Under the Local Rules, "[c]osts for service of subpoenas are taxable as well as service of summonses and complaints." CivLR 54.1(b)(1). Subpoena is a general category, which encompasses various specific writs such as the *subpoena ad testificandum* and the *subpoena duces tecum*. See Subpoena, *Black's Law Dictionary* (11th ed. 2019). As such, the Court construes the language in the applicable rule to apply to document subpoenas like the ones at issue here. The Court will not retax the subpoena costs.[1]

/ / /

---

[1] Plaintiff further argues that the document subpoena costs should be reduced because the medical records requested were "completely unnecessary to the case." (ECF No. 42-1 at 3.) However, Plaintiff put his medical history at issue when he brought a claim for disability discrimination against his employer.

**Second,** Plaintiff requests that the Court reduce the costs awarded to Defendant for copies of the depositions of Ms. Carmen Concepcion and Mr. Shaun Wilkins from $669.25 to zero. (ECF No. 42-1 at 6.) Plaintiff argues Defendant is not entitled to these costs because Defendant did not intend to use the deposition at trial. Civil Local Rule 54.1(b)(3)(a) provides that "Depositions need not be introduced in evidence or used at trial to be taxable so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery." The Court finds that it would be reasonable to expect Defendant would use the deposition transcripts of these two key witnesses for trial preparation. Accordingly, the Court declines to reduce the costs associated with the preparation of the transcript copies.

**Third,** Plaintiff asks the Court to deny the $739.75 cost of the "Realtime" transcription of Plaintiff Brian Hollins' deposition. (ECF No. 42-1 at 7.) Plaintiff argues this cost is unsupported by any local rule. However, Civil Local Rule 54.1(b)(3) provides for the awarding of "[c]osts in connection with taking depositions." The Rule then provides a list of allowable costs associated with depositions, but nothing in the language of rule indicates that it is an exclusive list. The Court therefore finds "Realtime" transcription costs allowable under the Local Rules and declines to reduce or eliminate the award associated with such transcription in this case.

## IV.
## CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Re-Tax Costs.

**IT IS SO ORDERED.**

Dated: September 16, 2021

_____
Hon. Dana M. Sabraw
United States Chief District Judge